IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 9, 2009

Charles R. Fulbruge III
Clerk

No. 07-30936

LINDA JACKSON; BRIAN JACKSON

Plaintiffs-Appellants

v.

FRATELLI TANFOGLIO DI TANFOGLIO BORTOLO & C.S.N.C. formerly known as, Pacific Capital Partners of Oregon Inc

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:95-CV-2389

Before REAVLEY, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

The issue in this appeal is whether a Louisiana federal district court has personal jurisdiction over an Italian firearms manufacturer that has a default judgment of over $11 million pending against it. The district court held that there was no personal jurisdiction—specific or general. The plaintiffs have appealed, contending that the district court ignored evidence that would have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

demonstrated jurisdiction. For the reasons stated below, we VACATE and REMAND.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 28, 1992, Arnold Jackson ("Jackson") was injured when he dropped a Titan .25 caliber semi-automatic pistol (the "pistol"), causing it to discharge unexpectedly. Jackson was rendered a quadriplegic and eventually died from his injuries. Plaintiffs-Appellants Linda Jackson, Jackson's wife, and their son Brian (collectively, "Plaintiffs") filed suit on May 25, 1993, in Louisiana state court. Included as defendants were several American companies and three Italian companies: Fratelli Tanfoglio, S.n.c. ("Fratelli Tanfoglio"), Giuseppe Tanfoglio, S.p.a., and Tanfoglio Giuseppe, S.r.l. (collectively, the "Tanfoglio entities"). The American defendants removed the case to federal district court, where Plaintiffs obtained a default judgment of approximately $11 million against the Tanfoglio entities on December 18, 1998. In entering the judgment, the district court ruled that the Tanfoglio entities manufactured the pistol which contained a product defect, namely, that the firing pin was too long, which made it discharge too easily. The district court entered a final judgment against the Tanfoglio entities and closed the case.

Almost two years later, on October 27, 2000, Fratelli Tanfoglio filed a motion to vacate the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(4), which provides that a court may relieve a party from a final judgment if the judgment is void. Fratelli Tanfoglio argued that the judgment was void because the district court lacked personal jurisdiction over it. In support of its claim, Fratelli Tanfoglio asserted that it did not make the pistol that injured Jackson, and that there was nothing connecting Fratelli Tanfoglio with Louisiana. On May 25, 2001, the district court denied the motion, holding that the jurisdictional facts—that Fratelli Tanfoglio had made the pistol—had been conclusively established by the default judgment.

On appeal, this court reversed and remanded the case for further adversarial proceedings on the issue of personal jurisdiction. See Jackson v. FIE Corp., 302 F.3d 515, 531 (5th Cir. 2002) (Tanfoglio I). Upon remand, the parties engaged in over four years of highly contentious discovery. Plaintiffs argued that the court had specific personal jurisdiction because the Tanfoglio entities manufactured the pistol or the firing pin, and that there was general jurisdiction arising from the Tanfoglio entities' continuous and systematic contacts with the forum state. In its order, dated April 30, 2007, the district court found that there was insufficient evidence to establish that (1) Fratelli Tanfoglio made the defective firing pin, (2) the actions of other Tanfoglio entities should be imputed to Fratelli Tanfoglio, and (3) Fratelli Tanfoglio was subject to general jurisdiction in Louisiana. Jackson v. F.I.E. Corp., No. 95-2389, 2007 WL 1259216, at *3–7 (E.D. La. Apr. 30, 2007) (Tanfoglio II). Having found that there was "insufficient evidence in the record to support [P]laintiffs' contention" that the court had jurisdiction over Plaintiffs' claims, id. at * 6, the district court then entered a judgment in favor of Fratelli Tanfoglio, dismissing Plaintiffs' claims against Fratelli Tanfoglio without prejudice, id. at *7. The district court later denied Plaintiffs' motion to reconsider, and Plaintiffs timely appealed.

## II. DISCUSSION

"[W]hether in personam jurisdiction can be exercised over a defendant is a question of law and subject to de novo review." Dickson Marine Inc. v. Panalpina, Inc., 179 F.3d 331, 335 (5th Cir. 1999); see also Tanfoglio I, 302 F.3d at 521 (stating that the de novo standard applies to challenges to personal jurisdiction brought under Rule 60(b)(4)).

In Tanfoglio I, we stated that Fratelli Tanfoglio bore the burden of demonstrating the absence of personal jurisdiction. 302 F.3d at 520–21. We noted that placing the burden of proof on Fratelli Tanfoglio was not necessarily the law of the circuit, but it was the law of the case, as Fratelli Tanfoglio had not

3

challenged that issue in its initial appeal. Id. at 521 & n.6 (noting that the issue of which party bears the burden of proof in a Rule 60(b)(4) challenge to personal jurisdiction has split circuit and district courts). Therefore, Fratelli Tanfoglio bore the burden of affirmatively proving that the court did not have either specific or general jurisdiction.

The district court, however, frequently referenced Plaintiffs' inability to produce evidence in support of the court's jurisdiction over Plaintiffs' claims. For instance, the district court concluded that "there is insufficient evidence in the record to support [P]laintiffs' contention" that their cause of action arises from Fratelli Tanfoglio's forum-related contacts, Tanfoglio II, 2007 WL 1259216, at *6, and "there is no evidence in the record" demonstrating continuous or systematic contacts with Louisiana, id. at *7. Thus, the district court found in favor of Fratelli Tanfoglio after concluding that Plaintiffs had not presented sufficient evidence to establish the court's jurisdiction.

The proper inquiry, however, was not whether there was sufficient evidence of the court's jurisdiction, but rather whether there was sufficient evidence to prove that Fratelli Tanfoglio was not subject to the court's jurisdiction. For example, Fratelli Tanfoglio could have proved that the court lacked specific jurisdiction by providing sufficient evidence that it did not manufacture the pistol—such as by proving who did manufacture the pistol. Fratelli Tanfoglio could have shown that the court did not have general jurisdiction over Plaintiffs' claims by providing evidence that its contacts with the forum were not continuous and systematic. Regardless of how Fratelli Tanfoglio was to meet its burden, the important point for the present appeal is that it was Fratelli Tanfoglio's burden. The district court erred in failing to hold Fratelli Tanfoglio to its burden and holding the lack of evidence against Plaintiffs.

## III. CONCLUSION

Because the district court improperly placed the burden of proof on Plaintiffs, we VACATE and REMAND for reconsideration in light of the proper burden of proof.

VACATED and REMANDED.